PENINSULAR SAVINGS BANK *v.* CURRIE.

PARTNERSHIP—EVIDENCE—QUESTION FOR JURY.

Evidence that defendant was introduced to one of the directors of plaintiff bank as a member of the firm which executed the note in suit; that letter-heads used by such firm designated him as a partner; that he said in a letter that he would not consent to the purchase of certain bonds by the firm; that he signed the firm name to a letter written to a bank, announcing that he was a member of the firm, and authorized to sign checks and transact business; and that he drew up a statement, taken from the books of the firm, showing his share of the profits,—was sufficient to go to the jury on the question of his membership in the firm.

Error to Wayne; Donovan, J.  Submitted April 4, 1900. Decided April 24, 1900.

*Assumpsit* by the Peninsular Savings Bank against Cameron Currie upon a promissory note.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Reversed.

*Elliott G. Stevenson* and *Leo M. Butzel*, for appellant.

*Thomas S. Jerome* (*Henry M. Duffield*, of counsel), for appellee.

LONG, J.  This action was brought on a promissory note of $34,000, made by J. V. Campbell & Co. to the plaintiff.  The plaintiff claims that Cameron Currie was a partner in that firm at the time the note was made and discounted by the bank.  The defendant pleaded the general issue, and gave notice of certain special defenses, and attached to his plea an affidavit denying the execution of the note.  The defendant introduced no testimony on the trial of the cause, and the court directed the verdict in

favor of defendant after the close of plaintiff's testimony, on the ground, among others, that there was no evidence given by plaintiff that Mr. Cameron Currie was a member of the firm of J. V. Campbell & Co. at the time the note in question was given.

In this, we think, the court was in error. We think there was some evidence given which had a tendency to show a partnership. It appears that a copartnership had been in existence for some considerable time prior to the giving of this note between James V. Campbell and Henry M. Campbell, in which Henry M. Campbell was a special partner. It is claimed by plaintiff that this partnership had been dissolved by mutual consent on December 1, 1891. The note in controversy was given on August 11, 1892, and, as plaintiff claims, while Cameron Currie was a member of the firm. On the other hand, it is claimed by counsel for defendant that Mr. Currie was not a partner, but a creditor, of J. V. Campbell to the amount of $20,000, which amount he had loaned to Campbell on December 1, 1891; that at that time he intended to form a partnership with Campbell, but subsequently concluded not to do so, but, with Campbell's consent, he kept an oversight over and had charge of the business until July, 1892, when he received his $20,000 back which he had loaned to Campbell. The plaintiff's testimony tended to show, however, as we think, that Currie was a partner at the time the note was given. It appears that in the fall of 1891 Mr. Currie was introduced to Mr. Howard, one of the directors of the plaintiff bank, as a partner in the firm of J. V. Campbell & Co. Letter-heads were printed and in use by J. V. Campbell & Co. during the year 1892, in which Mr. Currie was designated as a partner in the firm. At the time the note in question was given, certain bonds were placed with plaintiff as collateral to the note. Mr. Currie wrote one Mr. Langdon, March 27, 1894, in reference to these bonds, stating: "The bonds were not purchased by J. V. Campbell & Co. I would not consent to anything of the kind."

But, aside from these matters, we find a letter written by Mr. Currie to the State Savings Bank, which clearly states the relations of the parties, as follows:

                              "Detroit, Mich., Dec. 24, 1891.
"State Savings Bank,
                    "Detroit, Mich.
   "*Gentlemen:* Mr. Cameron Currie, now a member of this firm, is authorized to sign checks, and to transact any business pertaining to the firm.
                         "Yours, etc.,
                              "J. V. Campbell & Co.
"J. V. Campbell & Co."

The signature in the lower left-hand corner is in the handwriting of Mr. Currie.   In addition to this, there was introduced in evidence a statement in the handwriting of Mr. Currie, taken from the books of J. V. Campbell & Co., showing the profits of the business during the time it is claimed Mr. Currie was associated with that firm.   One of the witnesses for plaintiff testified that he had been the bookkeeper for J. V. Campbell & Co., and that the paper produced was a rough statement of the profits of the business of J. V. Campbell & Co., prepared by Mr. Currie. It was marked in some places with the initials "C. C. $\frac{1}{2}$;" and Mr. Osborne testified that this "C. C. $\frac{1}{2}$" indicated "Cameron Currie, one-half of the profits," and that "balance due C. C." meant "balance due Cameron Currie."

We think the question whether Currie was a partner with J. V. Campbell was one for the jury.

The judgment must be reversed, and a new trial granted.

Montgomery, C. J., Hooker and Moore, JJ., concurred.   Grant, J., did not sit.